UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Andrew Lamar Pitts,

        Plaintiff,        Case No. 25-13809

v.        Judith E. Levy
        United States District Judge

Progressive Michigan Insurance
Company,        Mag. Judge David R. Grand

        Defendant.

_____/

## ORDER OF DISMISSAL

On November 26, 2025, *pro se* Plaintiff, Andrew Lamar Pitts, filed this lawsuit against Defendant Progressive Michigan Insurance Company. (ECF No. 1.) On the same date, Plaintiff also filed an Application to Proceed Without Prepaying Fees or Costs (*in forma pauperis*). (ECF No. 2.) For the reasons explained below, the case is dismissed under the doctrine of duplicative litigation and the Court's general power to administer its docket. Because the case is dismissed, the Court will not address the application to proceed *in forma pauperis*.

Plaintiff filed two identical complaints against Defendant: (1) *Pitts v. Progressive Michigan Insurance Company*, No. 25-13380, ECF No. 1 (E.D. Mich. filed Oct. 10, 2025); and (2) *Pitts v. Progressive Michigan Insurance Company*, No. 25-13809, ECF No. 1 (E.D. Mich. filed Nov. 26, 2025) (the present case). Both cases are assigned to this Court.

On November 3, 2025, the Court struck the complaint in the first case because it did not contain Plaintiff's handwritten signature. *Pitts*, No. 25-13380, ECF No. 5. In the same order, the Court instructed Plaintiff that, if he wishes to proceed with his claim, he must submit a new complaint that includes his handwritten signature and that properly alleges Defendant's citizenship by December 1, 2025. (*Id.*) Moreover, the Court warned Plaintiff that failure to comply with its order may result in dismissal of the case. (*Id.*) On November 26, 2025, Plaintiff filed a new complaint identical to the one previously struck by the Court in the first case. (ECF No. 1.) The complaint contains the same allegations against Defendant. (*Id*).

District courts have wide discretion to manage their own dockets and to administer its resources. *See Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31

2

(1962)). "[T]he doctrine of duplicative litigation allows a district court [to] stay or dismiss a suit that is duplicative of another federal court suit using its general power to administer its docket." *Waad v. Farmers Ins. Exch.*, 762 F. App'x 256, 260 (6th Cir. 2019) (internal quotations omitted). Plaintiff has a pending case against Defendant. *Pitts*, No. 25-13380. In the pending case, Plaintiff's complaint was stricken from the record. (*Id.*, ECF No. 5.) Plaintiff opened a new case against Defendant and filed a complaint identical to the stricken one from the pending case. (ECF No. 1.) Plaintiff incurs in duplicative litigation because he filed two identical complaints against the same Defendant in two different cases. *Compare Pitts*, No. 25-13380*, with Pitts*, No. 25-13809. As a result, the present case is dismissed under the Court's general power to administer its docket. The first case is still ongoing.

    IT IS SO ORDERED.

Dated: December 4, 2025          s/Judith E. Levy
Ann Arbor, Michigan            JUDITH E. LEVY
                                          United States District Judge

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 4, 2025.

                                           s/William Barkholz
                                           WILLIAM BARKHOLZ
                                           Case Manager